**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JUSTIN R. CRANFORD**                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  1:05cv486-LG-RHW**

**KENNETH ROBERSON,** *et al.*                                                    **DEFENDANTS**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

Before the Court is [128] a motion for summary judgment filed by defendants Roberson,

Kelly, Matthis, Ellsberry and Savage on May 29, 2008.  This is a *pro se* prisoner civil rights

lawsuit filed pursuant to 42 U.S.C. § 1983, in which the Plaintiff alleges violation of his rights by

Defendants' use of excessive force during Plaintiff's incarceration at the Harrison County Adult

Detention Center (HCADC).  Exhibits to the motion include affidavits from movants and the

narrative reports each prepared following the July 28, 2005 incident upon which Plaintiff's

lawsuit is based.

In the affidavits, each of the movants states that he/she has "first hand knowledge of the

policies and procedures that are in place at the Harrison County Sheriff's Office," and that his/her

"actions toward Plaintiff, Justin Cranford, during his incarceration at the Harrison County Adult

Detention Center, and specifically on or about July 28, 2005, were in accordance with these

policies and procedures."  ( ¶ 2, Exhibits A, B, C, D and E).  Cranford's initial pleading filed after

Defendants filed the summary judgment motion was [131] a request for appointment of counsel,

in which Cranford stated:

> Plaintiff has requested for the production of documents which were propounded to
> Defendant Kelly and Request Numbers 2 and 11 requested the policies of the

1

Harrison County Sheriff's Department, however, the Defendant objected to this request and stated that said request was not reasonably calculated to lead to the discovery of admissable (*sic*) evidence.[1]

The undersigned finds it difficult to reconcile the discovery response with Defendants' assertions that they are entitled to summary judgment because Cranford has failed to establish the existence of an official policy.  Certainly it is understandable that this *pro se* plaintiff perceives it to be inconsistent that those who objected to providing him policies and procedures in response to his discovery requests now seek dismissal of his lawsuit based on his failure to establish the existence of policies and procedures, and support their motion with affidavits stating they know the policies and procedures and complied with them.

In response to the motion Cranford presents the deposition of John Hokamp, an eyewitness to much of the incident giving rise to this lawsuit, as well as the complete transcript of Cranford's deposition, his medical records regarding treatment sought and received after the altercation, and his correspondence with jail officials regarding the investigation of the incident.  Cranford also notes that although Defendants depict his behavior as disruptive and violent, they issued him no Rules Violation Report as a result of the incident.

The undersigned finds the movants' essentially conclusory affidavits do not show the absence of a genuine issue of material fact, and the conflicting nature of the evidence presented by the parties leaves the Court unable to say as a matter of law that the Defendants' actions were objectively reasonable under the circumstances.

---

[1] Defendant Ellsberry's responses to Cranford's discovery requests are attached as an exhibit to Cranford's response. [136-4, pp. 1-8]

## RECOMMENDATION

Based on the foregoing, the undersigned is of the opinion that the motion for summary judgment should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 29th day of July, 2008.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

3